UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVAN C. MOORE,

        Plaintiff,

v.

        Case No. 08-12508

MICHAEL DELLING,        Honorable Julian Abele Cook, Jr.

        Defendant.

ORDER

On December 23, 2007, the Plaintiff, Alvan C. Moore, a resident of Owensboro, Kentucky, was arrested in the Michigan Township of Almont where he was charged with assaulting, resisting, and obstructing a police officer.[1] During the arraignment, the Defendant, Michael Delling, who while acting in his official capacity as a magistrate judge expressed the belief that Moore was a danger to the community and a potential flight risk because of his criminal record, set bail in the sum of $50,000.

On June 12, 2008, Moore filed a *pro se* complaint, in which he alleged that the Defendant had set a bail in an amount that was excessive and disproportionately high to the alleged criminal offense which, in turn, had effectively deprived him of his constitutional rights under the United

---

[1] Moore was arrested pursuant to Mich. Comp. Laws Serv. § 750.81(d)(1) (LexisNexis 2008), which provides that "an individual who assaults, batters, wounds, resists, obstructs, opposes, or endangers a person who the individual knows or has reason to know is performing his or her duties is guilty of a felony punishable by imprisonment for not more than 2 years or a fine of not more than $2,000.00, or both."

1

States and Michigan Constitutions.² On July 3, 2008, the Defendant filed a motion to dismiss this lawsuit, relying upon (1) Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction on the basis of the *Rooker-Feldman* doctrine³ or, alternatively, governmental immunity and (2) Fed. R. Civ. P. 12(b)(6) for Moore's "failure to state a claim upon which relief can be granted," and/or absolute judicial immunity.

I.

When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(1), "the plaintiff bears the burden of proving jurisdiction." *Hollins v. Methodist Healthcare, Inc.*, 474 F.3d 223, 225 (6th Cir. 2007) (citing *Moir*, 895 F.2d at 269). Unlike a motion to dismiss under 12(b)(6), the Court can make factual findings if it becomes necessary to resolve the jurisdictional issue. *Id*. On the other hand, when reviewing motions to dismiss for failure to state a claim, a district court must "construe the complaint in the light most favorable to the nonmoving party, accept the well-pled allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007) (citing *United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993)).

In 2008, the Sixth Circuit explained that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it

---

²Moore cites to the Eighth Amendment of the United States Constitution and Section 16 of the Michigan Constitution, both of which state, in pertinent part, that "[e]xcessive bail shall not be required" and "excessive fines shall not be imposed[.]" He also argues that the Defendant, in setting the amount of his bail, committed a tort against him.

³The *Rooker-Feldman* doctrine originated from two decisions by the United States Supreme Court; namely, In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 478-79, in which the Supreme Court held that federal district courts do not have jurisdiction to hear cases in direct review of state court judgments.

2

rests.'" *Sensations, Inc. v. City of Grand Rapids*, 526, F.3d 291, 295 (6th Cir. 2008) (quoting *Erickson v. Pardus,* 550 U.S. \_\_\_\_ (2007)). The Sixth Circuit Court of Appeals has encouraged trial courts to hold *pro se* litigants to "less stringent standards than those prepared by attorneys, [which should be] liberally construed when determining whether they fail to state a claim upon which relief can be granted." *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). Notwithstanding, every *pro se* plaintiff - including Moore - is still obliged to meet the basic pleading requirements because a "liberal construction does not require a court to conjure allegations on a litigant's behalf." *Id.* at 714 (citing *Erwin v. Edwards*, 22 Fed.Appx. 579, 580 (6th Cir. 2001)).

In his motion, the Defendant submits that this Court does not have jurisdiction over the subject matters in this action because of the *Rooker-Feldman* doctrine. Earlier this year, the Sixth Circuit opined that "[t]he *Rooker-Feldman* doctrine is based on the negative inference that, if appellate court review of [] state judgments is vested in the Supreme Court, then it follows that such review may not be had in the lower federal courts." *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005)). Thus, this doctrine has the practical effect of prohibiting federal courts from hearing a case "when granting relief on the federal claim would imply that the state-court judgment on the other issues was incorrect." *Pieper v. Am. Arbitration Ass'n*, 336 F.3d 458, 460 (6th Cir. 2003) (citing *Catz v. Chalker,* 142 F.3d 279, 293 (6th Cir. 1998)). "The *Rooker-Feldman* doctrine, however, does not bar jurisdiction when the plaintiff's claim is merely 'a general challenge to the constitutionality of the state law applied in the state action,' rather than a challenge to the law's application in a particular case.'" *Id.* (citing *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir.

3

2002)). The Sixth Circuit has interpreted this doctrine as divesting federal district courts of jurisdiction only if "a plaintiff complains of injury from the state court judgment itself." *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006).

In his response to the pending motion, Moore makes reference to the *Rooker-Feldman* doctrine but does not substantively address it. His only intelligible argument is as follows: "This Defendant can not be aided and abetted by this United States District Court to hide behind any doctrine(s) that are in direct conflict with the United States Constitution[.]" However, Moore does not cite any statute or case law to bolster this contention. Thus, the Court must determine whether Moore's alleged grievance is a result of the state court decision or if it flows from an otherwise independent claim. *See Carter v. Burns*, 524 F.3d 796, 798-99 (6th Cir. 2008) (distinguishing between facial attacks on state statutes and "as enforced and applied" challenges that are barred in federal district courts by the *Rooker-Feldman* doctrine).

If the Court grants the relief that Moore seeks to obtain in this lawsuit, it would be obligated to conclude that the state court decision, about which he has complained, was incorrect. Significantly, Moore has not challenged the constitutionality of the state law that governs the procedures relating to the setting of bail. Rather, his challenge is to the allegedly excessive amount of bail that was set by the Defendant in his capacity as a magistrate judge. Under such a circumstance, a review of the challenged bail amount would be the equivalent of an appellate review of a state court decision, over which this Court lacks jurisdiction.[4] Therefore, the Court must dismiss this action for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

---

[4]The Michigan Court Rules provide for a state appellate procedure which applies to those persons "seeking review of a release decision." MCR 6.106.

Even if the Court did have jurisdiction over Moore's claim, the Defendant, whose alleged tortious conduct occurred while he was acting in his capacity as a judicial officer, enjoys absolute judicial immunity from liability. Over a decade ago, the United States Supreme Court declared that judges are judicially immune from suits when they are performing judicial functions. *Mireless v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). The doctrine of judicial immunity applies even in those cases in which the judge is alleged to have acted maliciously or in bad faith. *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

However, there are two exceptions to the doctrine of judicial immunity; namely, in a situation wherein the judge's actions were "non-judicial in nature" or if the judge did not have jurisdiction to render a decision. *Id.* (citing *Mireless*, 502 U.S. at 11; *Stump v. Sparkman*, 435 U.S. 349, 362-63 (1978)). An act by a judge is judicial in nature when "it is a function normally performed by a judge" and also turns on "the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Mireless*, 502 U.S. at 12. Furthermore, a judge acts without jurisdiction "'only when the matter upon which he acts is clearly outside the subject matter of the court over which he presides.'" *Brookings*, 389 F.3d at 623. However, when granting judicial immunity, the Sixth Circuit has differentiated between acts done in "excess of jurisdiction," for which judges still enjoy judicial immunity and acts "'done in the clear absence of all jurisdiction' for which no immunity is afforded." *Id.* (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

The Defendant asserts that (1) "[f]ew decisions are more closely related to the judicial

process than the setting of bail in a criminal case[,]" and (2) neither of the exceptions to judicial immunity apply. However, Moore, without citing any case or statutory authority, urges this Court to discount the doctrine of judicial immunity altogether.[5] Instead, he has provided the Court with a policy-based reason, such as if elected officials are permitted to violate the rights of American citizens and the aggrieved are not given the opportunity for vindication, then they "will lose faith in [their judicial] system . . . ." Although Moore may have legitimate concerns over his alleged maltreatment, this Court must apply the law that has been established by the United States Supreme Court and the Sixth Circuit Court of Appeals, both of which have recognized and continue to enforce the doctrine of judicial immunity.

Turning to the judicial immunity exceptions, there is no contention by Moore that the challenged decision by the Defendant was rendered outside of his judicial capacity when the now-contested bail was set. Inasmuch as the sole interaction between the parties was inside a courtroom, Moore has tacitly acknowledged that the Defendant was acting as a judge during all of the times that are relevant to this controversy. Thus, this instance would not fall under the non-judicial exception to judicial immunity.

Next, the Court is in agreement with the Defendant who argues that his decision relating to the establishment of bail for an accused is clearly within his jurisdiction as a state court (Lapeer County) judicial officer in Michigan. Moore does not argue otherwise. Rather, he limits his response to general principles which touch upon the rights of American citizens, as well as an elected magistrate's oath to safeguard them. However, there are several sections within the

---

[5]Although Moore does cite, *inter alia*, to various Amendments to the United States Constitution, the United States Code, and the Uniform Commercial Code, he fails to explain how these authorities pertain to the issue of judicial immunity.

Michigan Compiled Laws that give a magistrate judge the authority to release criminal defendants on their own recognizance, release them subject to certain conditions, or set monetary bail amounts, among other things. *See e.g.,* Mich. Comp. Laws Serv. § 765.6b (LexisNexis 2008) ("A judge or *district court magistrate* may release . . . a defendant subject to conditions reasonably necessary for the protection of 1 or more persons."); Mich. Comp. Laws Serv. § 780.582a (LexisNexis 2008) ("A person shall not be released on an interim bond . . . or on his or her own recognizance . . . but shall be held until he or she can be arraigned or have interim bond set by a judge or *district court magistrate* . . . . ) (emphasis added).

Therefore and because the action that the Defendant took in this case (i.e. setting Moore's bail) falls squarely in the realm of his judicial duties and is not subject to either exception for judicial immunity, he is immune from liability which, in turn, requires that this case must be, and is, dismissed pursuant to Fed. R. Civ. P. 12(b)(6).[6]

II.

Inasmuch as this lawsuit is barred by the *Rooker-Feldman* doctrine and judicial immunity, the Court need not address the Defendant's other contentions in his motion; namely, that Moore failed to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), or, alternatively, that the suit is barred by governmental immunity.

---

[6]The Sixth Circuit has also held that where a claim is "deemed totally implausible," such as when the defendant is clearly immune, courts may also dismiss the case for lack of subject matter jurisdiction. *See Apple v. Glenn*, 183 F.3d 477, 480 (6th Cir. 1999) (plaintiff sued government officials under First Amendment because they did not answer his letters); *Forbush v. Zaleski*, 20 Fed. Appx. 481, 482 (6th Cir. 2001) (claim against judge, who possessed judicial immunity, was dismissed for frivolousness).

III.

Accordingly, and for the reasons that have been stated above, the Court must, and does, grant the Defendant's motion to dismiss.

IT IS SO ORDERED.

Dated:  October 3, 2008                    s/ Julian Abele Cook, Jr.
      Detroit, Michigan                 JULIAN ABELE COOK, JR.
                                                   United States District Court Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on October 3, 2008.

                                                                              s/ Kay Alford
                                                                              Case Manager